ALVA M. ROE, complainant,

*v.*

ORADELL FARMS DAIRY COMPANY, defendant.

[Submitted July 6th, 1915. · Decided November 15th, 1915.]

1. The purchase of stock in a corporation induced by fraudulent representations of the corporation's agent is not a void transaction, but is merely voidable at the option of the purchaser, and until he exercises such option he is a stockholder of the corporation.

2. The right of such purchaser to avoid the transaction, and recover back the purchase price of the stock, cannot be exercised after the corporation has been adjudged to be insolvent, and a receiver has been appointed to wind up its affairs and distribute its assets.

On appeal from an order of the court of chancery.

*Mr. Joseph Beck Tyler,* for the appellant.

*Mr. Leonard A. Duncan,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant having filed his bill against the defendant company, alleging it to be insolvent, and praying the appointment of a receiver to wind up its affairs, and make distribution of its assets, the court of chancery, after hearing, held the allegation to be sustained, decreed the company to be insolvent, and appointed a receiver in accordance with the prayer of the bill. In due course the receiver gave notice to the various creditors to present to him their claims against the insolvent corporation; and in response to this notice he received, among others, claims from various persons holding stock of the company, each of whom asserted that he or she had been induced to purchase it by reason of false and fraudulent representations of the financial status of the company, made to them by one Ames, who was the company's duly-accredited agent for the sale of its stock; that they respectively had not discovered the untruthfulness of the statements made to them until a short time prior to the institution of the insolvency proceedings; that by their several notices to the receiver they repudiated their respective purchases of the stock, and claimed that by such rescission they had become creditors of the corporation, and were entitled to be repaid out of its assets in the hands of the receiver the moneys that they had been fraudulently induced to expend in the purchase of the stock. The receiver refused to recognize the validity of any of these claims; and upon appeal from his decision to the court of chancery his refusal was approved. One of the claimants, Melissa

Humphries, now appeals to this court from the order affirming the receiver's action.

Looking at this transaction in the light most favorable to Mrs. Humphries, the purchase of this stock, assuming it to have been induced by fraudulent representations on the part of the agent of the defendant company, was not a void transaction, but merely voidable at the option of the purchaser. Until she exercised that option (assuming that she had a right to do so) she was a stockholder of the corporation. Her right to participate as a creditor in the distribution of the assets of the defendant company depends, therefore, upon whether a stockholder who has been induced by fraud to become a member of the corporation, and who does not discover the fraud until just before the institution of proceedings for the winding up of the corporation as insolvent can, after the appointment of a receiver, exercise her option, repudiate her purchase of the stock, and thereby change her position as a stockholder in, to that of a creditor of, the corporation to the extent of the purchase-money paid by her. We think that the right of a stockholder to so change her status (if such right exists) must be exercised while the corporation is a going concern, presumably solvent, and able to meet its engagements. So long as this is the status of the corporation, it is a matter of no concern to its creditors whether it repays to the repudiating stockholder the money advanced by her for the purchase of her stock or not. But when it ceases to be able to pay its creditors in full, has been adjuged to be insolvent, and a receiver has been appointed, the situation is vastly different. The assets of the corporation, instead of being held by it as the representative of the stockholders, have become vested in the receiver as trustee, primarily, for creditors, and secondly, for stockholders. The eighty-sixth section of the Corporation act (*Comp. Stat. p. 1652*) requires the receiver at the close of the winding up proceedings, after paying the expenses thereof, to first satisfy out of the assets in his hands all liens upon the funds of the corporation in the order of their priority, then to pay the general creditors, and, if anything is left after paying debts, to distribute what remains among the stockholders in proportion to their respective holdings. The creditors referred to in this section are those persons who are such at the date of the decree of

insolvency and the appointment of the receiver, for, by that adjudication and appointment, the right of the corporation to continue the carrying on of its business ceases, and, consequently, it can thereafter create no further indebtedness. So, too, the stockholders referred to in the section are those who occupy that position at the same date. This is made plain by the twenty-first section of the act which makes each subscriber to the stock of a corporation, who has not paid the full par of his subscription, liable to pay over to the receiver the unpaid portion of the purchase-money, when it is required to pay debts because of insufficiency of other assets. It has been held under similar statutory provisions, and, as we consider, rightly, that such a liability cannot be escaped, after a winding up proceeding has been instituted, and the corporation has been decreed insolvent, even though the subscriber was induced to purchase the stock by fraudulent misrepresentations made to him by the corporation, or its duly-authorized agent. *Oakes* v. *Turquand, L. R. 2 H. L. 325; Tennent* v. *Glasgow Bank, 4 App. Cas. 615; Houldsworth* v. *Glasgow Bank, 5 App. Cas. 317; Scott* v. *Deweese, 181 U. S. 202.*

It is true that in the cases cited the matter to be determined was the right of such a stockholder to avoid liability to make contribution for the payment of the debts of the insolvent corporation by repudiating his contract, but the principle involved is equally applicable to the present situation; for, if the stockholder cannot avoid his liability to make contribution for the benefit of creditors by repudiating his purchase of the stock, he cannot by such action deplete the assets of the corporation in the hands of the receiver, held by him in trust primarily for their benefit.

We conclude, therefore, that the order under review should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR—15.

*For reversal*—None.